UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DONALD ELLIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:15-cv-00316-JMS-TAB |
| ) | |
| STANLEY KNIGHT, ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

The petition of Donald Ellis for a writ of habeas corpus challenges a prison disciplinary proceeding identified as XAF 14-11-0040. For the reasons explained in this Entry, Ellis's habeas petition must be **denied**.

**Discussion**

**A. Standard**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974).

**B. The Disciplinary Hearing**

On November 22, 2014, Counselor Crawford issued a Report of Conduct charging Ellis with possession or use of a controlled substance in violation of Code B-202. The Report of Conduct states:

> On 11/22/14 at approximately 12:16pm resident Donald Ellis came into Liberty Hall men's check in. At approximately 12:18pm operations councilor [sic] Mr. Crawford checked Mr. Ellis in on securmanage. At approximately 12:20pm Mr. Crawford escorted Mr. Ellis into [the] men's restroom (strip search area). In the restroom Mr. Ellis proceeded to remove all layers of clothing starting with his coat, shirt then shoes. I proceeded to check all removed items of clothing. Upon checking Mr. Ellis['] left shoe, I removed his insoles and in his shoe, upside down was a cigarette [w]rapper with two round white pills that fell on the floor. I immediately picked up the [w]rapper and placed the pills in a[n] evidence bag {C440584}. I then continued to check all additional layers of Mr. Ellis for any other substances. At approximately 12:35pm I looked on Mr. Ellis['] profile and discovered that he does not have a prescription for any meds. At approximately 12:42pm I notified my Shift Supervisor on duty Mr. Madrid about the pills and cigarette [w]rapper.

(capitalization modified). Ellis was notified of the charge on November 25, 2014, when he was served with the Report of Conduct and the Notice of Disciplinary Hearing (Screening Report). The Screening Officer noted that Ellis did not want to call any witnesses but that he requested evidence to "show pills are not a Controlled Substance."

At some point prior to the disciplinary hearing, the charge was changed from possession or use of a controlled substance in violation of Code B-202 to unauthorized possession in violation of Code B-215. The Hearing Officer conducted a disciplinary hearing on November 25, 2014. Ellis did not offer a statement. The Hearing Officer found Ellis guilty of unauthorized possession in violation of Code B-215 based on the staff report. The sanctions imposed included 30-day restriction of privileges and a deprivation of 60 days of earned credit time. The Hearing Officer imposed the sanctions because of the likelihood of sanctions having a corrective effect on the

offender's future behavior. Ellis' appeals were denied and he file the present petition for a writ of habeas corpus.

### C. Analysis

Ellis challenges his disciplinary conviction arguing that the change his charge from a violation of Code B-202 to Code B-215 violated his rights. Code B-202 prohibits the "[p]ossession or use of any unauthorized substance controlled pursuant to the laws of the State of Indiana or the United States Code or possession of drug paraphernalia." Code B-215 prohibits the "[u]nauthorized possession, destruction, alteration, damage to, or theft of State property or property belonging to another." It is not clear from the record at what point in the disciplinary process the charge was changed. Ellis contends that the change occurred at the time of the hearing such that he was not screened on the amended charge. However, the Screening Report reflects a change in the code of the charge – the 202 is marked out and replaced with 215. It therefore appears that the change occurred before Ellis was screened. Regardless of when it occurred, the respondent argues that the change in the charge did not violate Ellis' due process rights.

Due process requires advance written notice of the charges in order "to give the charged party a chance to marshal the facts in his defense and to clarify what the charges are." *Wolff*, 418 U.S. at 564. But modification of a disciplinary charge does not violate due process where the inmate "received advance written notice informing him of the facts underlying the charge." *Northern v. Hanks,* 326 F.3d 909, 910 (7th Cir. 2003). Here, the conduct report stated the facts that supported the charge and provided enough information regarding the basis of the charge to allow Ellis to prepare his defense. Ellis' due process right to advance notice of the charges against him therefore was not violated.

Ellis also claims that the case numbers were changed on the Screening Report and that the Report of Conduct has a different case number than that on the Screening Report. While there were errors on these documents, Ellis has identified no due process violation as a result of these errors. In addition, to the extent that Ellis claims that the Screening Officer told him that there were errors with the conduct report and it would not "stick," he has not identified a specific due process violation based on this statement.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings. Accordingly, Ellis' petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: January 12, 2016

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

DONALD ELLIS
165923
PUTNAMVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135

All electronically registered counsel